[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12274
Non-Argument Calendar

_____

D.C. Docket No. 4:10-cv-00408-MP-CAS

NATASKA HOWARD,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 10, 2014)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Nataska Howard, a federal prisoner proceeding pro se, appeals the district judge's dismissal of her petition for writ of habeas corpus under 28 U.S.C. § 2241. We affirm.

## I. BACKGROUND

On March 7, 2006, Howard was arrested for her participation in distributing narcotics. *See United States v. Howard*, 252 F. App'x 955, 957 (11th Cir. 2007) (per curiam) (providing the factual background for Howard's arrest). Following a jury trial, Howard was convicted of one count of conspiracy to possess with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and one count of possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Based on her status as a career offender, Howard received concurrent 30-year sentences on each count under U.S.S.G. § 4B1.

We affirmed on direct appeal,. *Howard*, 252 F. App'x at 962. Howard challenged the use of a prior state conviction as a career-offender predicate crime. We rejected her argument and concluded, because she had failed to object to various presentence-investigation-report provisions, Howard had admitted facts sufficient to show the prior crime was a career-offender-predicate crime of violence. *Id.* at 959-61 & n.2. In 2008, Howard filed a habeas petition under 28

2

U.S.C. § 2255, which the district judge denied.  Both the district judge and this court denied Howard's requests for a certificate of appealability.

Howard filed a petition under § 2241 in 2010.  Under the Fair Sentencing Act of 2010 ("FSA") § 2a, Pub. L. No. 111-220, 124 Stat. 2372,[1] she argued she was actually innocent of her sentences, which were based on pre-FSA disparities between powder and crack-cocaine sentences.  Howard further contended she was actually innocent of her career-offender status, because several of her prior convictions did not qualify as career-offender predicate crimes.  She asserted her predicate crimes had been established with improper documents, in violation of *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005), and *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143 (1990).  She further argued her 30-year sentences had been improperly enhanced under 21 U.S.C. § 851, based on a prior non-felony marijuana conviction.  Howard argued she was entitled to § 2241 relief under the 28 U.S.C. § 2255(e) "savings clause," because (1) she previously had filed a § 2255 motion; (2) her claims did not rely on newly discovered evidence or new rules of constitutional law; and (3) therefore, a successive § 2255 motion would be inadequate to test the illegality of her detention.

The district judge characterized Howard's § 2241 petition as an attempt to circumvent the restrictions on successive § 2255 motions.  The judge dismissed the

---

[1] The FSA reduced the "100–to–1 crack-to-powder ratio to 18–to–1." *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012).

petition and concluded (1) the FSA did not apply retroactively; (2) Howard could not satisfy the § 2255(e) savings clause, because her sentences did not exceed the statutory maximums for her convictions; and (3) her actual-innocence claim was misplaced, because she was not charged with, or convicted of, being a career offender.

On appeal, Howard argues the district judge erred when he dismissed her § 2241 petition.  She contends several recent Supreme Court cases established she was convicted of a nonexistent crime—her career-offender designation.  She further argues barring her from § 2241 relief will violate the Suspension Clause, U.S. Const. Art. I, § 9.[2]

## II. DISCUSSION

We review de novo whether a prisoner may bring a § 2241 petition under the § 2255(e) savings clause.  *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013).  When a conviction has become final, a federal prisoner usually may challenge the legality of her detention only through a § 2255 motion.  *Id.* at 1256.  When a prisoner previously has filed a § 2255 motion, she must apply for and receive permission from this court before filing a successive

---

[2] The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. Art. I, § 9.

§ 2255 motion.  *See* 28 U.S.C. § 2255(h) (cross-referencing *id.* § 2244); *Bryant*, 738 F.3d at 1260.

Section 2241 habeas petitions generally are reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.  *Bryant*, 738 F.3d at 1288.  Howard, however, may file a § 2241 petition if she meets her burden of showing that a § 2255 motion was "inadequate or ineffective to test the legality of [her] detention."  28 U.S.C. § 2255(e).  Whether the § 2255(e) savings clause may "open the portal" to a § 2241 petition is a jurisdictional issue that must be decided before addressing the merits of a petitioner's claims.  *Bryant*, 738 F.3d at 1262 (citing *Williams v. Warden*, 713 F.3d 1332, 1337-40 (11th Cir. 2013)).

The restrictions on filing successive § 2255 motions do not render a § 2255 remedy "inadequate or ineffective" for purposes of the § 2255(e) savings clause.  *See id.* at 1267 (citation and internal quotation marks omitted).  To show a prior § 2255 motion was inadequate or ineffective to test the legality of her detention, a petitioner asserting a sentencing-error claim must establish (1) binding circuit precedent squarely foreclosed the claim during the petitioner's sentencing, direct appeal, and first § 2255 proceeding; (2) after the petitioner's first § 2255 proceeding, a United States Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies

5

retroactively on collateral review; and (4) as a result of that new rule, the petitioner's sentence exceeds the statutory maximum authorized by Congress. *See id.* at 1274, 1281. The savings clause does not reach Guidelines-error sentencing claims brought by a prisoner whose sentence does not exceed the statutory maximum. *See Bryant*, 738 F.3d at 1264 (citing *Gilbert v. United States*, 640 F.3d 1293, 1295, 1301-03 (11th Cir. 2011) (en banc)).

The restrictions on filing successive § 2255 motions also do not violate the Suspension Clause, because they (1) simply transfer from the district court to the court of appeals a screening function that previously would have been performed by the district judge; and (2) do not deprive the Supreme Court of jurisdiction to entertain original habeas petitions. *See Felker v. Turpin*, 518 U.S. 651, 661-62, 664, 116 S. Ct. 2333, 2339-40 (1996) (addressing successive 28 U.S.C. § 2254 petitions); *see also* 28 U.S.C. § 2241(a).

In her § 2241 petition, Howard sought to attack the validity of her sentence, and not its execution; therefore, § 2255 was the appropriate statute for her claims. *See Bryant*, 738 F.3d at 1288. To bring her claims via a § 2241 petition, Howard was required to show § 2255 was inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C. § 2255(e); *Bryant*, 738 F.3d at 1256, 1262.

After being convicted of one count of conspiracy to possess with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(B), 846, and one count of possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), Howard was sentenced to concurrent 30-year imprisonment sentences on each count.  The statutory maximum sentence for a violation of § 841(a)(1), (b)(1)(B) committed after one has sustained a prior conviction for a felony drug offense is life imprisonment.  21 U.S.C. § 841(b)(1)(B).  Absent a prior felony drug conviction, the statutory maximum sentence for a § 841(a)(1), (b)(1)(B) violation is 40 years of imprisonment.  *Id.*  The statutory maximum sentences for violations of § 846, where the object of the conspiracy was a violation of § 841(a)(1), (b)(1)(B), are the same.  *See* 21 U.S.C. § 846.  Howard's 30-year sentences do not exceed her statutory maximums, regardless of whether the district judge erred when he determined she was a career offender, improperly subjected her to enhanced sentences for having a prior felony drug conviction, or violated *Shepard*.  *See* 21 U.S.C. §§ 841(b)(1)(B), 846.  Therefore, the § 2255(e) savings clause does not apply to her sentence-enhancement or career-offender claims.[3]  *See*

---

[3] Howard also asserts this court's decisions in *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013), *vacated pending reh'g en banc*, (11th Cir. Mar. 7, 2014), and *Zack v. Tucker*, 704 F.3d 917 (11th Cir.) (en banc), *cert. denied*, 134 S. Ct. 156 (2013), support her various claims.  Contrary to Howard's arguments, our decisions in *Spencer* and *Zack* do not support her claim that she was sentenced above the statutory maximums.  *See Spencer*, 727 F.3d 1076 (addressing, in an initial, timely filed § 2255 motion, a claim that a new, retroactively applicable Supreme Court decision rendered the petitioner's career-offender status erroneous, without any discussion of the applicable statutory maximum sentence); *Zack*, 704 F.3d 917 (recognizing the statute of limitations for habeas petitions applies on a claim-by-claim basis, without any discussion of statutory maximum sentences).

*Bryant*, 738 F.3d at 1264 ("We [have] held definitively that the savings clause does not reach a guidelines-error sentencing claim when the prisoner's sentence does not exceed the statutory maximum." (citing *Gilbert*, 640 F.3d at 1295)).

Howard's claims that she is actually innocent of being a career offender and was convicted of the "nonexistent offense" of being a career offender also do not change the result here. *See Bryant*, 738 F.3d at 1285 ("[O]ne cannot be actually innocent of a sentencing enhancement."); *Gilbert*, 640 F.3d at 1320 (rejecting the petitioner's claim that he was actually innocent of being a career offender, because he was neither charged with, nor convicted of, being a career offender). Howard's claim of a purported Suspension Clause violation likewise does not entitle her to relief, because the claim ultimately rests on the restrictions on filing successive § 2255 motions. *See Felker*, 518 U.S. at 661-62, 664, 116 S. Ct. at 2339-40.

Even if a claim based on the FSA were cognizable under the § 2255(e) savings clause, the FSA does not apply to defendants, like Howard, who were sentenced before its August 3, 2010, enactment. *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (per curiam) (affirming the denial of a § 3582(c)(2) motion for a sentence reduction). Accordingly, Howard has not shown the district judge erred in dismissing her § 2241 petition.

**AFFIRMED.**

8