[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12869
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80034-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES THOMAS WITHROW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 12, 2016)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

James Thomas Withrow, a federal prisoner, appeals the district court's partial denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction.  In 2009, Withrow was convicted and sentenced for conspiring with intent to distribute around 70 grams of crack cocaine, in violation of 21 U.S.C. § 846.  He was sentenced to a term of imprisonment above the statutory mandatory minimum for his offense, which at that time was 120 months' imprisonment under 21 U.S.C. § 841(b)(1).  In 2010, the Fair Sentencing Act (FSA) decreased the statutory mandatory minimum for offenses like Withrow's to 60 months' imprisonment. *See* Pub.L. No. 111–220, 124 Stat. 2372; 21 U.S.C. § 841(b)(1).  Subsequently, Withrow filed his present motion for a sentence reduction, seeking relief based on Amendment 782 to the Sentencing Guidelines.  The district court found Withrow eligible for relief under Amendment 782, but the court concluded that it could not lower his sentence below the relevant statutory mandatory minimum on a § 3582 motion.[1]  Finding that the pre-FSA 120-month minimum applies to Withrow, the court only reduced his sentence to 120 months' imprisonment.

On appeal, Withrow solely asserts that the district court erred by relying on the 120-month statutory mandatory minimum rather than the 60-month minimum currently in effect.  However, this argument is unavailing.  The FSA does not apply

---

[1] This determination was proper—§ 3582 does not authorize courts to reduce a defendant's sentence below the applicable statutory mandatory minimum prison term. *See United States v. Hippolyte*, 712 F.3d 535, 540 (11th Cir. 2013); *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012) (per curiam).

2

retroactively to Withrow.  *See Hippolyte*, 712 F.3d at 542; *Berry*, 701 F.3d at 377. Because the FSA does not apply to Withrow's case, the statutory mandatory minimum that does is the one that was in place when Withrow was sentenced in 2009.  *See Hippolyte*, 712 F.3d at 542.  Accordingly, the district court did not err in relying on the 120-month minimum when considering Withrow's § 3582 motion.

**AFFIRMED.**