[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14493
Non-Argument Calendar
_____

D.C. Docket No. 8:06-cr-00199-SCB-SPF-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY GENE KILGORE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 10, 2020)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Bobby Kilgore appeals the district court's order denying his motion to

reduce his sentence, under the First Step Act of 2018, Pub. L. No. 115-391,

§ 404(b), 132 Stat. 5194, 5222 ("First Step Act") and 18 U.S.C. § 3582(c)(1)(B), and specifically its finding that he was not eligible for relief. He argues that eligibility for relief under the First Step Act depends on a defendant's statute of conviction, not on his admitted relevant conduct.

In 2006, a grand jury charged Kilgore, along with another codefendant, Paul Lamar, with one count of distributing, and aiding and abetting in the distribution of "five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base" —crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. Ultimately, Kilgore agreed to plead guilty as charged pursuant to written plea agreement. In his plea agreement, he agreed that he distributed at least five grams of crack cocaine.

Applying the November 2006 version of the Sentencing Guidelines, Kilgore's PSI assigned him a base offense level of 30 because his offense involved at least 35 grams but less than 50 grams of crack cocaine, pursuant to U.S.S.G. § 2D1.1(c)(5). The PSI determined that Kilgore was a career offender based on two prior felony convictions, and therefore, because the maximum penalty for his offense was 25 years or more, it increased his offense level to 34, pursuant to § 4B1.1(b)(B). He received a two-level reduction for acceptance of responsibility, under § 3E1.1(a), and another one-level reduction for assisting authorities in the investigation and prosecution of his own conduct, under § 3E1.1(b). Accordingly,

2

Kilgore's total offense level was 31.  Based on an offense level of 31 and a criminal history category of VI, the PSI determined that Kilgore's sentencing range was 188 to 235 months' imprisonment.  The PSI noted that the mandatory term of imprisonment was 5 years and the maximum term was 40 years.  The court ultimately sentenced Kilgore to 188 months' imprisonment, followed by 4 years of supervised release.

In September 2019, Kilgore, through counsel, filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) and § 404 of the First Step Act.  The district court denied Kilgore's motion.  It first determined that Kilgore was not eligible for a sentence reduction because his violation of a covered offense was not determined merely by the statute of conviction, but also his offense conduct.  Therefore, the court concluded that, because Kilgore's offense involved 49.8 grams of crack cocaine, his statutory penalty range was not altered.  Finally, the court concluded that, even if Kilgore was eligible for a sentence reduction, it would still not reduce his sentence due to his disciplinary violations while incarcerated.

When appropriate, we will review *de novo* whether a district court had the authority to modify a term of imprisonment.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  We will review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an

3

abuse of discretion.  *Id*.  A district court abuses its discretion when it "applies an incorrect legal standard."  *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment.  *Jones*, 962 F.3d at 1297.  The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"); *see Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act.

4

*United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).  The Fair Sentencing

Act did not expressly make any changes to § 841(b)(1)(C), which provides for a

term of imprisonment of not more than 20 years for cases involving quantities of

crack cocaine that do not fall within § 841(b)(1)(A) or (B).  *See* Fair Sentencing

Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive the

statutory penalties for covered offenses enacted under the Fair Sentencing Act.  *See*

First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, § 404.  Under § 404(b) of the

First Step Act, a court "that imposed a sentence for a covered offense may . . .

impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . .

were in effect at the time the covered offense was committed."  *Id*. § 404(b).  The

statute defines "covered offense" as "a violation of a Federal criminal statute, the

statutory penalties for which were modified by section 2 or 3 of the Fair

Sentencing Act . . . , that was committed before August 3, 2010."  *Id.* § 404(a).

The First Step Act further states that "[n]othing in this section shall be construed to

require a court to reduce any sentence pursuant to this section."  *Id*. § 404(c).

In *Jones*, we considered the appeals of four federal prisoners whose motions

for a reduction of sentence pursuant to § 404(b) were denied in the district courts.

*See Jones*, 962 F.3d at 1293.  First, we held that a movant was convicted of a

"covered offense" if he was convicted of a crack-cocaine offense that triggered the

5

penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1301. Interpreting the First Step Act's definition of a "covered offense," we concluded that the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" (the "penalties clause") modifies the term "violation of a Federal criminal statute." *Id.* at 1298; *see* First Step Act § 404(a). Thus, "a movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, 962 F.3d at 1298. Because section two of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a movant has a covered offense if he was sentenced for an offense that triggered one of those statutory penalties. *Id.*

District courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment, to determine whether the movant's offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a covered offense. *Id.* at 1300-01. We rejected the government's argument in *Jones* that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation. *Id.* at 1301. Rather, the district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams

6

or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii).  *Id.*

Accordingly, any actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to whether he was convicted of a covered offense.  *Id.* at 1301-02.  However, a judge's actual drug-quantity finding remains relevant to the extent that the judge's finding triggered a higher statutory penalty.  *Id.* at 1302.  Thus, a movant sentenced prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held that facts, such as a drug quantity, that increase a defendant's statutory maximum must be made by a jury, cannot "redefine his offense" to one triggering a lower statutory penalty simply because the district court, not a jury, made the drug-quantity finding relevant to his statutory penalty.  *See id.*

Applying this inquiry to the four movants in *Jones*, we concluded that all four were sentenced for covered offenses because they were all sentenced for offenses whose penalties were modified by the Fair Sentencing Act.  *Id.* at 1302-03.  Specifically, similar to the situation in the instant case, we determined that one movant, Alfonso Allen—who was charged in 2006 with 50 grams or more of crack cocaine, found by a jury to be responsible for that drug amount, and attributed with between 420 and 784 grams of crack cocaine per week at sentencing—was

7

convicted of a covered offense, noting that the higher drug-quantity finding at sentencing did not trigger the statutory penalty for his offense. *Id*.

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303. Specifically, the "as if" qualifier in Section 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," imposes two limitations on the district court's authority. *Id*. (quotation marks omitted) (alteration in original); *see* First Step Act § 404(b). First, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Jones*, 962 F.3d at 1303. Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. *Id.* Moreover, the Constitution does not prohibit district courts from relying on judge-found facts that triggered statutory penalties prior to *Apprendi*. *See id.* at 1304-04

Applying these limitations, we held in *Jones* that, if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—in other words, if his sentence was equal to the mandatory minimum

8

imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the Fair Sentencing Act would not have benefitted him, and the First Step Act does not authorize the district court to reduce his sentence. *Id.* at 1303.

Applying this "as-if" framework, we vacated and remanded the denials of two of the movants' motions because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. *Id.* at 1304-05. Specifically, as to movant Allen, we noted that the district court denied the motion because Allen's guideline range remained the same, based on the drug-quantity finding made at sentencing, and his sentence was already at the low-end of that guideline range, such that the court may have incorrectly concluded that he was not eligible for a further reduction. *Id.* at 1305. We held that it was error for the district courts to conclude that a movant was ineligible based on (1) a higher drug-quantity finding that was made for sentencing—not statutory—purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. *Id.* Because it was ambiguous whether the district courts denied their motions for one of those reasons, we vacated and remanded the denials for further consideration. *Id.*

Finally, we noted in *Jones* that although a district court may have the authority to reduce a sentence under Section 404 of the First Step Act, it is not

9

required to do so.  *Id.* at 1304.  We held that a district court has wide latitude to determine whether and how to exercise its discretion, and that it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct.  *Id.* at 1301, 1304.

We affirm the district court's denial of Kilgore's motion for a sentence reduction.  Based on our recent decision in *Jones*, Kilgore is correct that he was eligible for a sentence reduction.  Although the district court erroneously held that Kilgore was ineligible for a sentence reduction (erroneously relying on his relevant conduct involving 49.8 grams), in an alternative holding, the district court also expressly exercised its discretion not to reduce the sentence.  *See* Doc. 183 at 5 ("[B]ecause the 2018 FSA [First Step Act] is discretionary, and not mandatory, the Court would not reduce Defendant's sentence even if he were eligible for sentence reduction under the 2018 FSA due to his disciplinary violations while he has been incarcerated in the Bureau of Prisons").  Such a determination was not an abuse of discretion, and Kilgore has not argued otherwise.  Therefore, we affirm.

**AFFIRMED**.