[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13938
Non-Argument Calendar

_____

D.C. Docket No. 6:06-cr-00032-JA-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEALLY CUNNINGHAM,
a.k.a. Neally Cunningham, Jr.,
a.k.a. Nealey Cunningham, III,
a.k.a. Nealy Cunningham, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 24, 2020)

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Neally Cunningham appeals the district court's denial of his motion for a reduced sentence under section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, § 404.  He contends that the district court erred by concluding he was ineligible for First Step Act relief.  We affirm.

In 2006, following a jury trial, Cunningham was convicted of two counts of possessing crack cocaine with the intent to distribute it, in violation of 21 U.S.C. sections 841(a)(1) and (b)(1)(C).  The jury found that Cunningham possessed less than five grams of crack cocaine, and the district court sentenced him as a career offender to 262 months' imprisonment.

In 2019, Cunningham moved for a reduction of his sentence under section 404 of the First Step Act.  Cunningham argued that his convictions under section 841(b)(1)(C) were "covered offense[s]" under section 404 "because [section] 2 of the Fair Sentencing Act changed the weight of [crack cocaine] that was penalized by a statutory range of 0 to 20 years, from less than 5 grams to less than 28 grams."  The district court denied Cunningham's motion, concluding that he was not eligible for relief under the First Step Act because his convictions were not "covered offense[s]" as defined by the Act.  This is Cunningham's appeal.

"A district court lacks the inherent authority to modify a term of imprisonment.  But it may do so . . . to the extent that a statute expressly permits.  And the First Step Act expressly permits district courts to reduce a previously

2

imposed term of imprisonment." United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020) (citations omitted).[1]

In 2010, Congress enacted the Fair Sentencing Act, which reduced the sentencing disparity between crack-cocaine and powder-cocaine offenses. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372; see also Dorsey v. United States, 567 U.S. 260, 268–69 (2012). Section two of the Fair Sentencing Act modified sections 841(b)(1)(A)(iii) and (B)(iii) by "increas[ing] the drug amounts [necessary to trigger] mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum (while leaving powder at 500 grams and 5,000 grams respectively)." Dorsey, 567 U.S. at 269. These amendments were not made retroactive to defendants who were sentenced prior to enactment of the Fair Sentencing Act. United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012). And the Fair Sentencing Act did not modify the statutory penalties for section 841(b)(1)(C), which both before and after the Act provided for a term of imprisonment of not more than twenty years (thirty years with a prior felony drug offense) for cases involving crack cocaine that did not fall within sections 841(b)(1)(A) or (B). See Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

---

[1] "We review de novo . . . whether a district court had the authority to modify a term of imprisonment." Jones, 962 F.3d at 1296 (citation omitted).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses under the Fair Sentencing Act. See First Step Act § 404. Under section 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Id. § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before [the enactment of the Fair Sentencing Act]." Id. § 404(a).

In Jones, we recently held that a crack-cocaine conviction is a "covered offense" if it "triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)." 962 F.3d at 1301. We explained,

> A [defendant]'s offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties. Section two of the Fair Sentencing Act . . . modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii). It did so by increasing the quantity of crack cocaine necessary to trigger those penalty provisions. See Fair Sentencing Act § 2(a).

Id. at 1298.

Here, Cunningham was convicted under section 841(b)(1)(C), which is not a covered offense as defined in the First Step Act. Section two of the Fair Sentencing Act modified the statutory penalties for sections 841(b)(1)(A)(iii) and (b)(1)(B)(iii),

4

but not for section (b)(1)(C). While the increase in drug quantity in section 841(b)(1)(B)(iii) did, in turn, increase the drug quantity for section 841(b)(1)(C) from five grams to twenty-eight grams, that change did not affect the statutory penalties of those, like Cunningham, who were originally sentenced under section 841(b)(1)(C). Cunningham's statutory minimum and maximum sentence—zero to thirty-year imprisonment—were the same before and after the passage of the Fair Sentencing Act. The district court did not err in denying Cunningham's motion for First Step Act relief.

**AFFIRMED.**