[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12201
Non-Argument Calendar
_____

D.C. Docket No. 8:04-cr-00154-RAL-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROME LEE HARMON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 3, 2020)

Before NEWSOM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Rome Harmon, a federal prisoner, appeals the district court's grant of his motion for reduction of his sentence of life imprisonment, pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. He argues that the district court misapprehended its authority under the First Step Act to reduce his sentence below the amended Guidelines range. Because it is ambiguous whether the district court understood that it had the authority to sentence Harmon below the low end of the Guidelines range, we remand for clarification.

## I

In May 2004, a superseding indictment charged Harmon with conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One), distribution of marijuana, in violation of 21 U.S.C. § 841(b)(1)(D) (Counts Two, Three, Seven), distribution of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B) (Counts Four, Eight), possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A) (Count Nine), and possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Ten). The jury acquitted Harmon as to Count Four, but convicted him on Counts One through Three, and Seven through Ten.

During his original sentencing, the presentence investigation report determined that Harmon had a total offense level of 37 and, as a career offender, a criminal history category of VI—yielding a Guidelines range of 360 months to life

2

imprisonment.  Because Counts One and Nine carried a mandatory term of life imprisonment, however, Harmon's actual Guidelines range was life imprisonment. At sentencing, the district court adopted the PSI and determined, in relevant part, that the Guidelines range was life imprisonment as to Counts One and Nine and 360 months to life imprisonment as to Count Eight.  The court then sentenced Harmon to life imprisonment as to Counts One, Eight, and Nine, and 120 months as to Counts Two, Three, Seven, and Ten with all terms to run concurrently.

In 2019, after enactment of the First Step Act—which we'll explain below—Harmon moved for a reduction of his total sentence, arguing that he was eligible for a sentence reduction under the First Step Act.  In a memorandum, the probation office advised that the First Step Act applied and "would make [Harmon] eligible for a reduced, low end guideline sentence of 360 months imprisonment or time served, whichever is greater."  The government conceded his eligibility and agreed that a reduced sentence of the greater of 360 months imprisonment or time served would be appropriate.  It argued, however, that nothing in the record supported reducing his sentence below 360 months imprisonment, the low end of the Guidelines range.

In a one-page order, the district court granted Harmon's motion for a reduction of his sentence, citing only *United States v. McKinney*, 382 F. Supp. 3d 1163 (D. Kan. 2019).  It reduced his sentence as to Counts One, Eight, and Nine to

concurrent 360-month terms, followed by concurrent terms of eight years of supervised release.  His sentence as to Counts Two, Three, Seven, and Ten remained unchanged.

Harmon now appeals, arguing that the district court misapprehended its authority under the First Step Act to reduce a sentence below the amended Guidelines range.  Because we believe the record is ambiguous as to this point, we remand for clarification, as we did in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020).

## II

We review *de novo* whether a district court had the authority to modify a term of imprisonment.  *Jones*, 962 F.3d at 1296.  We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion.  *Id.*  A district court abuses its discretion when it "applies an incorrect legal standard." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment.  *Jones*, 962 F.3d at 1297.

4

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"); *see Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act).  Section Two of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a ten-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a five-year mandatory minimum from five grams to 28 grams.  Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).  The Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than 20 years for cases involving quantities of crack cocaine that do not fall within § 841(b)(1)(A) or (B).  *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  *See* First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, § 404.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . .

5

impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id*. § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id*. § 404(c).

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. *See Jones*, 962 F.3d at 1293. First, we held that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1298.

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303. Specifically, the "as if" qualifier in Section 404(b) of the First Step Act—which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed"—imposes two limitations on the district court's authority. *Id.* (alteration in original) (quotation marks omitted); *see* First Step Act § 404(b). First, the district court cannot reduce a sentence where the movant

6

received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Jones*, 962 F.3d at 1303. "Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." *Id.* Moreover, the Constitution does not prohibit district courts from relying on judge-found facts that triggered statutory penalties prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Jones*, 962 F.3d at 1302.

Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—in other words, if his sentence was equal to the mandatory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the Fair Sentencing Act would not have benefitted him, and the First Step Act does not authorize the district court to reduce his sentence. *Id.* at 1303.

Applying this "as-if" framework, we affirmed the denials of two of the movants' motions, but vacated and remanded as to the others because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. *Id.* at 1304–05. Most relevant for Harmon, we held that it was error for the district courts to conclude that a movant was ineligible based on a movant's sentence being at the bottom of

7

the Guidelines range.  Because it was ambiguous whether the district courts denied their motions for one of those reasons, we vacated and remanded the denials for further consideration.  *Id.*

Finally, we noted that, although a district court may have the authority to reduce a sentence under Section 404 of the First Step Act, it is not required to do so.  *Id.* at 1304.  We held that a district court has wide latitude to determine whether and how to exercise its discretion.  *Id.*

### III

Here, the district court correctly found that Harmon was convicted of a covered offense and that it had authority to reduce his sentence.  It is ambiguous, however, whether the district court understood that it had the authority to sentence Harmon below the low end of the Guidelines range.  While the government is correct that the district court did not indicate in its order that it lacked such authority, it also did not indicate that it knew it had such authority.  Moreover, the probation office recommendation incorrectly stated that "[r]etroactive application of the Fair Sentencing Act of 2010 would make the defendant eligible for a reduced, low end Guidelines sentence of 360 months imprisonment or time served, whichever is greater."  The government then agreed with that statement.  Thus, it is not clear from the record whether the district court understood that it had the

8

authority to reduce Harmon's sentence below 360 months.  Accordingly, we vacate

and remand the district court's order for clarification.[1]

**VACATED AND REMANDED.**

---

[1] As a final matter, the district court's amended judgment cites the wrong penalty statutes for Harmon's cocaine-base offenses under the First Step Act.  For Counts One and Nine, the amended judgment cites to 21 U.S.C. § 841(b)(1)(A)(iii) instead of § 841(b)(1)(B)(iii).  For Count Eight, the amended judgment cites § 841(b)(1)(B)(iii) instead of § 841(b)(1)(C).  Accordingly, as part of our remand, we instruct the district to correct the typographical error in the amended judgment. *See United States v. Brown*, 772 F.3d 1262, 1268 (11th Cir. 2014) (remanding to correct a typographical error in judgment regarding statute of conviction).