[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11150
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00426-ASG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY RANDOLPH BERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 14, 2012)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Gregory R. Berry, a federal prisoner convicted of a crack cocaine offense,

appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 750 to the Sentencing Guidelines, which revised the crack cocaine quantity tables in U.S.S.G. § 2D1.1.  See U.S.S.G. App. C, amend. 750 (Nov. 2011).  After review, we affirm.[1]

Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).  The grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are quite narrow.  United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).  The Sentencing Commission must have amended the Sentencing Guidelines, pursuant to 28 U.S.C. § 994(o), that guidelines amendment must have lowered the defendant's sentencing range, and it must also be one that is listed in U.S.S.G. § 1B1.10(c).  See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & cmt. n.1(A); see also Armstrong, 347 F.3d at 909.

Furthermore, "[w]here a retroactively applicable guideline amendment

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008).

2

reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B).  In other words, a reduction is not authorized if the amendment does not actually lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision," such as a statutory mandatory minimum prison term.  U.S.S.G. § 1B1.10 cmt. n.1(A).  For this reason, when a defendant's guidelines sentence of life was based on the statutory mandatory minimum in 21 U.S.C. § 841(b)(1)(A), Amendment 750 does not lower that guidelines sentence, and the defendant is not eligible for a § 3582(c)(2) sentence reduction.  See United States v. Glover, 686 F.3d 1203, 1207-08 (11th Cir. 2012).

Here, the district court did not err in denying Berry's § 3582(c)(2) motion. Berry was convicted and sentenced back in 2002.  Berry's offense level of 37 and initial guidelines range of 360 months to life imprisonment were not based on § 2D1.1's drug quantity tables, but on Berry's status as a career offender, pursuant to U.S.S.G. § 4B1.1(b).  More importantly, because Berry had two prior felony drug convictions, Berry was subject to a statutory mandatory minimum life sentence under 21 U.S.C. § 841(b)(1)(A) (2009), and thus his guidelines sentence

3

became life imprisonment.[2]  Amendment 750 had no effect on Berry's initial guidelines range of 360 months to life imprisonment or Berry's guidelines sentence of life imprisonment, and the district court did not have the authority to grant Berry's § 3582(c)(2) motion.  See Glover, 686 F.3d at 1207-08.

Berry argues that he is eligible for a § 3582(c)(2) reduction based on the Fair Sentencing Act ("FSA"), which became effective on August 3, 2010.  The FSA lowered the statutory mandatory minimum penalties for crack cocaine offenses in 21 U.S.C. § 841(b).  See Fair Sentencing Act of 2010, Pub. L. No. 111-220 § 2(a), 124 Stat. 2372 (2010).  The problem for Berry is the FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case.

Even assuming arguendo that Berry, as he asserts, could bring his FSA claim in a § 3582(c)(2) motion, Berry's FSA claim still fails because he was convicted and sentenced in 2002, and the FSA does not apply retroactively to his 2002 sentences.  The general savings clause in 1 U.S.C. § 109 provides that "[t]he

---

[2]Pursuant to U.S.S.G. § 4B1.1(b), the district court assigned Berry an offense level of 37 based on a statutory maximum life sentence.  Berry's offense level 37 and criminal history category of VI yielded a guidelines range of 360 months to life imprisonment.  However, by operation of U.S.S.G. § 5G1.1(c)(2), Berry's guidelines sentence was life because that was also his statutory mandatory minimum sentence.

repeal of any statute shall not have the effect to release or extinguish any penalty . . . incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty . . . ." 1 U.S.C. § 109. See United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) (discussing 1 U.S.C. § 109), cert. denied, 131 S. Ct. 1833 (2011). Nothing in the FSA extinguishes the statutory mandatory minimum sentence or penalty already imposed in Berry's case before the FSA's enactment. We agree with every other circuit to address the issue that there is "no evidence that Congress intended [the FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment." United States v. Baptist, 646 F.3d 1225, 1229 (9th Cir. 2011) (citing decisions from every Circuit, including Gomes, except the D.C. Circuit and the Federal Circuit), cert. denied, 132 S. Ct. 1053 (2012); United States v. Bigesby, 685 F.3d 1060, 1066 (D.C. Cir. 2012) (subsequently agreeing the FSA does not apply to sentences imposed prior to August 3, 2010); United States v. Fields, ___ F.3d ___, No. 09-3137, 2012 WL 5457682 , at *3-4 (D.C. Cir. Nov. 9, 2012) (same).

Berry cites Dorsey v. United States, in which the Supreme Court held that the FSA's lower mandatory minimums apply to a defendant who committed his

offense before, but was sentenced <u>after</u>, the FSA's enactment.  <u>Dorsey</u>, 567 U.S. ___, 132 S. Ct. 2321, 2326 (2012).  But, <u>Dorsey</u> did not suggest that the FSA's new mandatory minimums should apply to defendants, like Berry, who were sentenced long before the FSA's effective date.[3]  To the contrary, the Supreme Court in <u>Dorsey</u> noted that the disparities between these two kinds of defendants "reflect[ ] a line-drawing effort, [that] will exist whenever Congress enacts a new law changing sentences," and that "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." <u>Id.</u> at 2335.  The Supreme Court in <u>Dorsey</u> carefully confined its application of the FSA to pre-Act offenders who were sentenced after the Act's effective date.  <u>See</u> <u>United States v. Robinson</u>, ___ F.3d ___, No. 12-1391, 2012 WL 3990741, at *2 (7th Cir.  Sept. 7, 2012) ("The Supreme Court in <u>Dorsey</u> held only that 'Congress intended the Fair Sentencing

---

[3]After the FSA, a § 841(a) defendant with one or more prior convictions for a felony drug offense is subject to a mandatory minimum ten-year sentence and a maximum of life imprisonment if his offense involved 28 grams or more of crack cocaine.  <u>See</u> 21 U.S.C. § 841(b)(1)(B)(iii).  If Berry were resentenced under the FSA, his statutory maximum sentence would remain life and, thus, his offense level under U.S.S.G. § 4B1.1(b) would remain 37.  Even if Berry's new statutory mandatory minimum were ten years under the FSA, his sentencing guidelines range under U.S.S.G. § 5G1.1 would be 360 months to life.  <u>See</u> U.S.S.G. § 5G1.1(c).

Further, after the FSA, a § 841(a) defendant still faces a mandatory minimum life sentence if he has two prior felony drug convictions and his current offense involved 280 grams or more of crack cocaine.  <u>See</u> 21 U.S.C. § 841(b)(1)(A)(iii).  Berry was convicted of distributing 50 grams or more of crack cocaine, and the sentencing court found that his offense involved 161.7 grams of crack cocaine, less than the 280-gram amount now needed for a mandatory minimum life sentence under the FSA.

Act's new, lower mandatory minimums to apply to the <u>post</u>-Act sentencing of pre-Act offenders.'" (quoting <u>Dorsey</u>, 132 S. Ct. at 2335)).

For all these reasons, the district court properly denied Berry's § 3582(c)(2) motion for a sentence reduction.

**AFFIRMED.**