[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11670
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20009-JEM-3


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus


STEPHANIE JOHNSON,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 5, 2012)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Stephanie Johnson appeals her sentence of 120 months of imprisonment, which was imposed after the district court reduced for the second time Johnson's original sentence of 168 months of imprisonment. 18 U.S.C. § 3582(c)(2). On Johnson's motion, the district court sentenced her to the statutory minimum sentence in effect when she was first sentenced, but Johnson requested a greater reduction based on the lower minimum sentence under the Fair Sentencing Act of 2010. We affirm.

Johnson's argument for a further reduction of her sentence is foreclosed by our recent decision in United States v. Berry, No. 12–11150 (11th Cir. Nov. 14, 2012), that a defendant sentenced before the effective date of the Act is ineligible to have her sentence reduced. We held that the Act "is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and . . . does not serve as a basis for a . . . sentence reduction" under section 3582(c)(2). Id., slip op. at 4. Even if the Act could serve as a basis to reduce a sentence, we held in Berry that the lower mandatory minimum sentences did not apply retroactively to offenders sentenced before the effective date of the Act. Id. at 4–5. As explained by the Supreme Court in Dorsey v. United States, 567 U.S. ____, 132 S. Ct. 2321 (2012), "application of the new minimums to pre-Act offenders sentenced after August 3 create[d] a new set of disparities," that was an inevitable consequence of any "new law changing sentences" and was

2

consistent with "the ordinary practice . . . to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." Id. at 2335.  The district court did not err in denying Johnson's motion to reduce her sentence below the statutory minimum in effect at her original sentencing.

We **AFFIRM** the denial of Johnson's motion to reduce her sentence below the statutory minimum in effect at her original sentencing.

**AFFIRMED.**

3