[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15735
Non-Argument Calendar
_____

D.C. Docket No. 2:95-cr-14025-KLR-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES E. STOKES,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 2, 2013)

Before TJOFLAT, PRYOR and KRAVTICH, Circuit Judges.

PER CURIAM:

Charles Stokes appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his term of imprisonment. After thorough review, we affirm.

Stokes was convicted in 1995 of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court found that Stokes was responsible for 63 grams of crack cocaine and, because Stokes had at least two prior felony drug convictions, sentenced him to life, the mandatory minimum under the statute in place at the time. 21 U.S.C. § 841(b)(1)(A) (1996). After Stokes's sentencing, Congress passed the Fair Sentencing Act of 2010 (FSA), which increased the amount of crack cocaine that triggers the mandatory minimum life sentence. Stokes now argues that his sentence should be reduced because of this statutory change.

We have previously held that "a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion . . . when the defendant was sentenced on the basis of a mandatory minimum." *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010). That the FSA has subsequently changed that mandatory minimum does not change the result. The FSA applies retroactively only to those defendants sentenced after August 3, 2010, the date it took effect. *United States v. Berry*, 701 F.3d 374, 377-78 (11th Cir. 2012). Because Stokes was sentenced before the FSA

took effect, it is not retroactive to him, and he is not eligible for a sentence

reduction. *See id.*

For the foregoing reasons, the district court's denial of Stokes's motion is

**AFFIRMED.**