[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13887
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00674-ELR-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD TIMMONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 21, 2020)

Before WILLIAM PRYOR, Chief Judge, GRANT and LAGOA, Circuit Judges.

PER CURIAM:

Clifford Timmons appeals the denial of his motion for a reduction in sentence under Section 404 of the First Step Act. He argues that the district court erred when it considered the quantity of drugs found at sentencing in determining that he was ineligible for relief because his crime was not a "covered offense" under the Act. Although we agree with Timmons that his conviction involved a covered offense under the Act, we conclude that the district committed no reversible error in denying his motion because Timmons received the lowest statutory penalty available for his offense. We affirm.

We review *de novo* whether a district court had the authority to modify a term of imprisonment under the Act. *United States v. Jones*, No. 19-11505, manuscript op. at 10 (11th Cir. June 16, 2020). We review the denial of an eligible movant's request for a reduced sentence under the Act for an abuse of discretion. *Id.* at 11. A district court abuses its discretion when it "applies an incorrect legal standard." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted). We may affirm on any ground supported by the record. *United States v. Gibbs*, 917 F.3d 1289, 1294 n.1 (11th Cir. 2019). District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment.  *Jones*, No. 19-11505, manuscript op. at 14.

2

The Fair Sentencing Act, enacted on August 3, 2010, reduced the sentencing disparity between crack-cocaine and powder-cocaine offenses. Fair Sentencing Act; *see Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a mandatory-minimum sentence of ten years from 50 grams to 280 grams and the quantity necessary to trigger a mandatory-minimum sentence of five years from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were not made retroactive to defendants sentenced before August 3, 2010. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). The Fair Sentencing Act did not make any changes to section 841(b)(1)(C), which provides for a term of imprisonment of not more than twenty years for offenses involving quantities of crack that do not fall within sections 841(b)(1)(A) or (B)—that is, quantities below 28 grams. *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses under the Fair Sentencing Act. *See* First Step Act § 404. Under section 404(b) of the First Step Act, a district court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id*. § 404(b). The Act defines "covered offense"

3

as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id*. § 404(c).

In *Jones*, we considered the appeals of four prisoners whose motions for a reduction of sentence under section 404(b) were denied. *See Jones*, No. 19-11505, manuscript op. at 4. We held that a movant was convicted of a "covered offense" if he was convicted of a crack offense that triggered the penalties in sections 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 21. We interpreted the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" to modify the term "violation of a Federal criminal statute." *Id.* at 15; *see* First Step Act § 404(a). So "a movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, No. 19-11505, manuscript op. at 16. Because section two of the Fair Sentencing Act "modified the statutory penalties for crack offenses that have as an element the quantity of crack provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a movant has a covered offense if he was sentenced for an offense that triggered one of those statutory penalties. *Id.*

We explained that the "as if" qualifier in section 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," imposes two limitations on the authority of a district court to reduce an eligible movant's sentence. *Id.* at 28 (quotation marks omitted); *see* First Step Act § 404(b). First, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Jones*, No. 19-11505, manuscript op. at 28. Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. *Id.*

The district court erred in ruling that Timmons was not convicted of a covered offense under the First Step Act. Timmons was charged with possession with intent to distribute crack, and the district court made a finding that the offense involved 35.67 grams of crack, which triggered the statutory penalties in section 841(b)(1)(B)(iii). Because the Fair Sentencing Act modified the statutory penalties for offenses that involved 5 grams or more of crack by raising the amount triggering the mandatory-minimum sentence in section 841(b)(1)(B)(iii) to 28 grams, Timmons has a covered offense. *See Jones*, No. 19-11505, manuscript op. at 23-24; Fair Sentencing Act § 2.

5

Nevertheless, we may affirm on any ground supported by the record, which establishes that the district court lacked the authority to reduce Timmons's sentence. Timmons received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. The district court was bound by its earlier finding that Timmons was responsible for 35.67 grams of crack. *See Jones*, No. 19-11505, manuscript op. at 28. Based on that drug-quantity finding, Timmons's statutory sentencing range remained 5 to 40 years of imprisonment both before and after the Fair Sentencing Act. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2012); *id.* (2002). Because Timmons's sentence for his drug offenses was equal to the lowest statutory penalty that would be available to him under the Fair Sentencing Act—a sentence of five years of imprisonment—the First Step Act did not permit the district court to reduce his sentence.

**AFFIRMED.**