[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13483
Non-Argument Calendar

_____

D.C. Docket No. 8:00-cr-00314-JDW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO HOWARD, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 24, 2020)

Before WILSON, MARTIN and MARCUS, Circuit Judges.

PER CURIAM:

Alfonso Howard, Jr., appeals the district court's denial of his motion for a reduction in sentence under § 404 of the First Step Act of 2018, Pub. L. 115 391, 132 Stat. 5194, 5222 ("First Step Act"), arguing that the district court erred in finding him ineligible for relief.  After briefing was completed in Howard's appeal, our Court issued United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), which interpreted the First Step Act and addressed how to apply it to cases like Howard's. Thereafter, Howard filed a motion for this Court to summarily reverse the district court's order denying relief in light of Jones, and the government did not oppose the motion.  After careful review, we vacate the district court's order and remand for the court to consider whether to exercise its discretion to reduce Howard's sentence under the First Step Act.

We review de novo whether a district court had the authority to modify a term of imprisonment.  Jones, 962 F.3d at 1296.  While district courts lack the inherent authority to modify a term of imprisonment unless, for example, a statute expressly permits them to do so, 18 U.S.C. § 3582(c)(1)(B), the First Step Act expressly allows them to reduce a previously imposed term of imprisonment in certain circumstances. Jones, 962 F.3d at 1297.  We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion.  Id. at 1296.  A district court abuses its discretion by using an incorrect legal standard. Diveroli v. United States, 803 F.3d 1258, 1262 (11th Cir. 2015).

2

In 2010, before the First Step Act, Congress enacted the Fair Sentencing Act, which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"); see Dorsey v. United States, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)–(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act.  United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  See First Step Act § 404.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  The statute defines "covered offense" as "a violation of a Federal

3

criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. § 404(a). The statute makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id. § 404(c).

In Jones, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. 962 F.3d at 1293. We began by holding that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). Id. at 1301. We instructed that when the district court is assessing whether an offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a "covered offense," the court must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. Id. at 1300–01. We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation. Id. at 1301. However, we recognized that a judge's actual drug quantity finding remains relevant to the extent the judge's finding triggered a higher statutory penalty. Id. at 1302. Applying this inquiry to the four movants in Jones, we concluded that all four were sentenced for covered offenses because they were sentenced for offenses with penalties modified by the Fair Sentencing Act. Id. at 1302–03. Relevant here, we

4

held that one movant, Alfonso Allen -- who was charged in 2006 with 50 grams or more of crack cocaine, found by a jury to be responsible for that drug amount, and attributed with between 420 and 784 grams of crack cocaine per week at sentencing -- was convicted of a covered offense, noting that the higher drug-quantity finding at sentencing did not trigger the statutory penalty for his offense. Id.

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. Id. at 1303. Specifically, we held that when § 404(b) of the First Step Act provides that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," it imposes two limitations on the district court's authority. Id. (quoting First Step Act § 404(b); emphasis added). One, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. Id. Two, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. Id. Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect -- that is, if his sentence was equal to the mandatory statutory minimum imposed by the Fair Sentencing Act for the quantity of crack

5

cocaine that triggered his statutory penalty -- then the Fair Sentencing Act would not have benefited him, and the First Step Act does not authorize the district court to reduce his sentence. Id. at 1303.

Using this framework, we affirmed the denials of two of the movants' motions in Jones, and vacated and remanded as to the others because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. Id. at 1304–05. We held that it was error for a district court to conclude that a movant was ineligible based on (1) a higher drug quantity finding that was made for sentencing -- not statutory -- purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. Id. at 1305. Because it was ambiguous whether the district courts denied the motions -- including movant Allen's -- for one of those improper reasons, we vacated and remanded for further consideration. Id.

Finally, we noted that, while a district court may have the authority to reduce a sentence under § 404 of the First Step Act, it is not required to do so. Id. at 1304. We held that a district court has wide latitude to decide whether and how to exercise its discretion, and that it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct. Id. at 1301, 1304.

Applying Jones to this case, we hold that the district court erred in concluding that Howard was ineligible for relief under the First Step Act based on the quantity

6

of crack cocaine that was attributed to him for sentencing purposes.  As the record reflects, in 2001, Howard was sentenced under 21 U.S.C. § 841(b)(1)(A)(iii) for the offense of conspiracy to distribute 50 grams or more of crack cocaine.  This means Howard's conspiracy count -- like Allen's in Jones -- qualified as a "covered offense."   Further, under Jones, the district court had the authority to reduce Howard's sentence.  Before the Fair Sentencing Act, at the time of the original sentencing, Howard's statutory penalty range was 120 months' to life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii) (2001).  After the Fair Sentencing Act, Howard's statutory penalty range was 60 months' to 480 months' imprisonment. See id. § 841(b)(1)(B)(iii) (2012).  Thus, the district court erred in concluding that it lacked the authority to reduce Howard's sentence on the conspiracy count.

In light of our recent decision in Jones, we vacate and remand so that the district court can consider whether to exercise its discretionary authority under the First Step Act to reduce Howard's sentences.

**VACATED AND REMANDED.**[1]

---

[1] Accordingly, we DENY AS MOOT Howard's unopposed motion for summary reversal.