[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-12783
Non-Argument Calendar
_____

D.C. Docket No. 8:07-cr-00399-JSM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO T. WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 14, 2020)

Before JILL PRYOR, BRASHER and BLACK, Circuit Judges.

PER CURIAM:

Lorenzo Wilson appeals the district court's order denying his motion for relief pursuant to Section 404 of the First Step Act.  Wilson and the Government have jointly filed a motion for summary reversal.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  An appeal is frivolous if it is "without arguable merit either in law or fact."  *See Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted).

We review *de novo* whether a district court had the authority to modify a term of imprisonment.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion.  *Id.*  A district court abuses its discretion when it "applies an incorrect legal standard."  *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).

2

The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment.  *Jones*, 962 F.3d at 1297.

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"); *see Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).  The Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than 20 years for cases involving quantities of crack cocaine that do not fall within § 841(b)(1)(A) or (B).  *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive for covered offenses the statutory penalties enacted under the Fair Sentencing Act. *See* First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194.  Under Section 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *Id*. § 404(b).  The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010."  *Id.* § 404(a).  The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *Id*. § 404(c).

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to Section 404(b) were denied in the district courts.  *See Jones*, 962 F.3d at 1293.  First, we held a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii).  *Id.* at 1301.  Interpreting the First Step Act's definition of a "covered offense," we concluded the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" (the penalties clause) modifies the term "violation of a Federal criminal statute."  *Id.* at 1298 (quotation marks and emphasis omitted); *see* First Step Act § 404(a).

4

Thus, "a movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, 962 F.3d at 1298. Because section two of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a movant has a covered offense if he was sentenced for an offense that triggered one of those statutory penalties. *Id.*

District courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment, to determine whether the movant's offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a covered offense. *Id.* at 1300-01. We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation. *Id.* at 1301. Rather, the district court should consider only whether the quantity of crack cocaine satisfied the specific drug-quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii). *Id.*

Accordingly, any actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to whether he

was convicted of a covered offense. *See id.* at 1301-02. However, a judge's actual drug-quantity finding remains relevant to the extent that the judge's finding triggered a higher statutory penalty. *Id.* at 1302. Thus, a movant sentenced prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held that facts, such as a drug quantity, that increase a defendant's statutory maximum must be made by a jury, cannot "redefine his offense" to one triggering a lower statutory penalty simply because the district court, not a jury, made the drug-quantity finding relevant to his statutory penalty. *See id.* Applying this inquiry to the four movants in *Jones*, we concluded all four were sentenced for covered offenses because they were all sentenced for offenses whose penalties were modified by the Fair Sentencing Act. *Id.* at 1302-03.

Next, we explained a movant's satisfaction of the "covered offense" requirement does not necessarily mean the district court is authorized to reduce his sentence. *Id.* at 1303. Specifically, the "as if" qualifier in Section 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," imposes two limitations on the district court's authority. *Id.* (quotation marks omitted) (alteration in original); *see* First Step Act § 404(b). First, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair

6

Sentencing Act. *Jones*, 962 F.3d at 1303. Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. *Id.* Moreover, the Constitution does not prohibit district courts from relying on judge-found facts that triggered statutory penalties prior to *Apprendi*. *See id.* at 1303-04.

Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—in other words, if his sentence was equal to the mandatory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the Fair Sentencing Act would not have benefitted him, and the First Step Act does not authorize the district court to reduce his sentence. *Id.* at 1303.

Applying this "as-if" framework, we affirmed the denials of two of the movants' motions, but vacated and remanded as to the others because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. *Id.* at 1304-05. We held that it was error for the district courts to conclude a movant was ineligible based on (1) a higher drug-quantity finding that was made for sentencing—not statutory— purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. *Id.* at 1305. Because it was ambiguous whether

7

the district courts denied their motions for one of those reasons, we vacated and remanded the denials for further consideration. *Id.*

Finally, we noted that, although a district court may have the authority to reduce a sentence under Section 404 of the First Step Act, it is not required to do so. *Id.* at 1304. We held a district court has wide latitude to determine whether and how to exercise its discretion, and that it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct. *Id.* at 1301, 1304.

Here, there is no substantial question the district court erred in finding Wilson was not eligible for relief under the First Step Act. The district court incorrectly relied on the amount of cocaine base determined for sentencing purposes instead of the amount reflected in the indictment, which is contrary to *Jones*, where we held the actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to whether he was convicted of a covered offense. *See Jones*, 962 F.3d at 1301-02. Because the amount related to Wilson's statutory penalty was 5 grams or more of cocaine base, which was modified by the Fair Sentencing Act, and not the 29.7 grams of cocaine base used for sentencing purposes, Wilson was eligible for First Step Act relief. *Id.* at 1298, 1301-02.

8

Therefore, because there is no substantial question that the district court erred in utilizing the amount of drugs found for sentencing purposes to find that Wilson was not eligible for relief under Section 404 of the First Step Act, we GRANT the parties' joint motion for summary reversal.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

9