[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14898
Non-Argument Calendar
_____

D.C. Docket No. 1:03-cr-00103-TFM-C-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,


versus


LEROY VIDAL JACKSON,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 19, 2020)

Before MARTIN, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

Leroy Jackson appeals the district court's order denying his motion for a

sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b),

132 Stat. 5194, 5222 ("First Step Act").  Jackson argues that, because section 2 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, ("Fair Sentencing Act") modified the statutory penalty for his conviction, he was convicted of a covered offense under the First Step Act.  He further argues that, because the Fair Sentencing Act reduced the penalty range for his offense, the district court had the authority to reduce his sentence and should have exercised its discretion to do so.  After careful review, we vacate the district court's order and remand for the district court to consider whether to exercise its discretion under the First Step Act.

## I.    STANDARD OF REVIEW

We review *de novo* whether a district court had the authority to modify a term of imprisonment.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion.  *Id*.  A district court abuses its discretion when "it applies an incorrect legal standard."  *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quoting *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014)).

## II.    ANALYSIS

The Fair Sentencing Act of 2010 amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  *See* Fair Sentencing Act § 2; *see also Dorsey v. United States*, 567 U.S. 260, 268–70 (2012)

2

(detailing the history that led to enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences). Section 2 of the Fair Sentencing Act raised the quantity of crack cocaine necessary to trigger a ten-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a five-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)–(2); *accord* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). The Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than twenty years for cases involving quantities of crack cocaine that do not fall within § 841(b)(1)(A) or (B). *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act, and expressly granted district courts the authority to reduce a previously imposed term of imprisonment. *See* First Step Act § 404; *see also Jones*, 962 F.3d at 1297. Under First Step Act § 404(b), "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing

3

Act . . . were in effect at the time the covered offense was committed." The statute defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id*. § 404(c).

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. *Jones*, 962 F.3d at 1293. First, we held that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1301. Interpreting the First Step Act's definition of a "covered offense," we concluded that the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" (the "penalties clause") modifies the term "violation of a Federal criminal statute." *Id.* at 1298 (emphasis removed); *accord* First Step Act § 404(a). Thus, "[a] movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, 962 F.3d at 1298. Because "[s]ection two of the Fair Sentencing Act . . . modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a covered offense includes one where the

movant was sentenced for an offense that triggered one of those statutory penalties. *Id.*

"[D]istrict courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment," to determine whether the movant's offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, is a covered offense. *Id.* at 1300–01. We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation. *Id.* at 1301. Rather, the district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii). *Id.*

Accordingly, the actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to whether he was convicted of a covered offense. *See id.* at 1301 ("The actual drug-quantity involved in the movant's offense is irrelevant as far as the element and the *offense* are concerned."). However, contrary to the movants' arguments in *Jones*, the district court's actual drug-quantity finding remains relevant to the extent that it triggered a higher statutory penalty. *Id.* at 1302. We also rejected "the movants' argument that

5

district courts may not, in making the 'covered offense' determination, consider a previous drug-quantity finding that was necessary to trigger the statutory penalty if it was made by a judge." *Id.* While we recognized that now, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "a jury was constitutionally required to find the nature and quantity of the controlled substance involved in the offense if that finding increased the statutory penalty," we explained that, similar to a movant being unable to use *Apprendi* to collaterally attack his sentence, a movant cannot "redefine his offense" to one triggering a lower statutory penalty simply because the district court, not a jury, made the drug-quantity finding relevant to his statutory penalty. *See Jones*, 962 F.3d at 1302. Applying this inquiry to the four movants in *Jones*, we concluded that all four were sentenced for covered offenses because they were all sentenced for offenses whose penalties were modified by the Fair Sentencing Act. *Id.* at 1302–03.

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303. Specifically, the "as if" qualifier in Section 404(b) of the First Step Act, which states that "[a]ny reduction must be 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed,'" imposes two limitations on the district court's authority. *Id.* (alteration in original) (quoting First Step Act § 404(b)). First, the district court cannot reduce

a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Id.* Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that "could have been used to determine the movant's statutory penalty at the time of sentencing." *Id.* Moreover, the Constitution does not prohibit the district court from relying on earlier judge-found facts that triggered statutory penalties prior to *Apprendi*. *See id.* at 1303–04.

Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—i.e., if his sentence was equal to the mandatory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the Fair Sentencing Act would not have benefitted him, and the First Step Act does not authorize the district court to reduce his sentence. *Id.* at 1303. And based on this framework, we affirmed the denials of two of the movants' motions. *Id.* at 1304–05. We explained that it was error for the district court to conclude that a movant was ineligible based on (1) a higher drug-quantity finding that was made for sentencing—not statutory—purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. *See id.* Because it was ambiguous whether the district courts denied two of the movants' motions for

one of those reasons and likewise unclear whether the courts recognized their authority to reduce sentences under the First Step Act, we vacated and remanded the denials for further consideration. *Id.* at 1305.

Here, as in *Jones*, Jackson was sentenced for a "covered offense," as required by the First Step Act. A jury found Jackson guilty of conspiracy to possess with intent to distribute crack cocaine and made a drug quantity finding of 50 grams or more of crack cocaine. Applying this quantity to the penalties in § 841(b), Jackson was sentenced under § 841(b)(1)(A)(iii) because his offense involved more than 50 grams of crack cocaine and his prescribed statutory imprisonment range was ten years to life. 21 U.S.C. § 841(b)(1)(A) ("[S]uch person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life."). This statutory penalty provision was modified by Fair Sentencing Act § 2. *See* Fair Sentencing Act § 2(a)(1) (increasing the threshold for penalties under subparagraph (b)(1)(A)(iii) from 50 grams to 280 grams). Accordingly, because the Fair Sentencing Act modified the statutory penalties for Jackson's offense, it was a covered offense under the First Step Act, and Jackson therefore met the "covered offense" requirement under First Step Act § 404. *See Jones*, 962 F.3d at 1298.

Further, the district court had the authority to reduce Jackson's sentence under *Jones*'s as-if framework. The Fair Sentencing Act reduced his mandatory statutory penalty from ten years to life imprisonment to five to forty years of imprisonment.

*See* § 841(b).   Jackson's sentence of 240 months of imprisonment significantly exceeds five years.   Thus, the district court did not sentence him to the lowest statutory penalty available under the Fair Sentencing Act for his crack cocaine offense, and it accordingly had the authority to reduce his sentence.  *See Jones*, 962 F.3d at 1303.

Finally, it is unclear whether the district court correctly recognized that authority.  While the district court summarily adopted the government's arguments made in response to Jackson's motion, those arguments focused mainly on Jackson's eligibility for relief.  Only the last 1.5 pages of the government's 15-page response discussed the district court's discretion to provide relief, and only one paragraph of that discussed the 18 U.S.C. § 3553(a) factors.  Given the government's scant discussion of the issue and the district court's lack of citation to any of the government's specific arguments, it is unclear whether the district court recognized that it could provide First Step Act relief to Jackson.

The district court's brief statement that it assumed it had the authority and discretion to provide the relief Jackson sought does not resolve that ambiguity.  That statement is arguably more ambiguous than the district court's analogous statement in *Jones* regarding the movant Johnson, where the district court stated that Johnson "appear[ed] eligible for relief" but "the First Step Act afford[ed] no further relief" to him because his sentence was already below his revised guideline range.  *See id.* at

1305. Because we found the district court's more detailed statements in movant Johnson's order ambiguous in *Jones*, we reach the same conclusion here.

## III.    CONCLUSION

Accordingly, based on this Court's decision in *Jones*, we vacate the district court's order denying Jackson First Step Act relief and remand for the district court to consider whether to exercise its discretionary authority under the First Step Act to reduce Jackson's sentence.  *See id.* at 1304–05.

**VACATED AND REMANDED.**