[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13627
Non-Argument Calendar

_____

D.C. Docket No. 8:03-cr-00010-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN LAKEITH MARCHMAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 15, 2020)

Before JILL PRYOR, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Kevin Marchman ("Marchman") appeals the district court's order denying his motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Based upon our review of the record and our reading of the parties' briefs, we affirm the district court's order.

## I.

In 2003, a federal grand jury charged Marchman with, *inter alia*, one count of intentionally distributing 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 18 U.S.C. § 2. After his arrest in 2006 and a change of plea hearing, Marchman pled guilty to that count pursuant to a written plea agreement with the government. Using the 2006 Sentencing Guidelines Manual, the probation officer prepared a presentence investigation report ("PSI"), initially assigned Marchman a base level offense of 34, pursuant to U.S.S.G. § 2D1.1(a)(3)(c)(3), and held him accountable for a total of 242.8 grams of cocaine base. The PSI added two points because a firearm was used during the offense conduct, pursuant to U.S.S.G. § 2D1.1(b)(1), and two more points because he employed a minor to help distribute said drugs, pursuant to U.S.S.G. § 3B1.4. The PSI then reduced his adjusted offense level by three due to acceptance of responsibility under U.S.S.G. § 3E1.1(a), (b). Marchman's total adjusted offense level was 35.

2

The PSI also indicated that Marchman qualified as a career offender under U.S.S.G. § 4B1.1 because he was 23 years old at the time of the current offense, the offense involved a controlled substance, and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. The statutory maximum penalty was life, and the PSI assigned him a total offense level of 37. However, with three levels subtracted for acceptance of responsibility, Marchman's final offense level was 34. Due to Marchman's extensive criminal history, the PSI assigned him a criminal history score of 21. The PSI added two points because, when Marchman committed the current offense, he was on probation for another crime. With a criminal history score of 23, the PSI placed him in criminal history category VI. Based on his offense level and criminal history score, Marchman's imprisonment range was 292 to 365 months, with a mandatory minimum term of imprisonment of 20 years, and at least 10 years of supervised release.

Marchman did not object to the findings in the PSI. At sentencing, the district court adopted the PSI without change and sentenced Marchman at the bottom of the guideline range to 292 months' imprisonment, followed by 10 years of supervised release. The district court found that the sentence was reasonable and adequate. Marchman did not file a direct appeal.

In 2008, the district court reduced Marchman's adjusted offense level from 35 to 34 and his custodial sentence from 292 to 262 months' imprisonment, pursuant to an intervening guideline amendment and 18 U.S.C. § 3582(c)(2). In 2012, however, in response to another § 3582(c)(2) motion based on a guideline amendment, the district court denied Marchman's request to reduce his sentence. The court noted that he was a career offender and even with the amended offense level, his criminal history score was VI, and the sentencing guideline range was 262 to 327 months' imprisonment. The district court noted that Marchman's sentence was dictated by his career offender status rather than the drug amount for which he was accountable. The district court found that the guidelines stated that a sentence reduction was not authorized if the amendment did not lower the applicable guideline range, which is what occurred in Marchman's case. For a similar reason, in 2018, the district court again denied a § 3582(c)(2) motion.

The First Step Act was enacted in December 2018. Shortly thereafter, the federal defender's office moved to reduce Marchman's sentence pursuant to the Act, along with a request for the probation officer to issue an eligibility memorandum. The district court granted the motion only to the extent that it requested an eligibility memorandum from the probation officer. In its memorandum, the probation officer determined that the retroactive application of the Fair Sentencing Act did not appear to make Marchman eligible for a reduced

sentence of imprisonment, but it did reduce the mandatory minimum term of supervised release from 10 years to 8 years.

Marchman, through counsel, filed the present motion to reduce his sentence pursuant to the First Step Act, noting that the Act grants sentencing courts broad authority in imposing reduced sentences and limits this authority only by statutory mandatory minimum penalties when applicable. He also argued that Section 404(b) of the First Step Act authorizes district courts to modify a defendant's sentence even when his guideline range remains unaffected due to his career offender status. Thus, he claimed that the district court could consider all relevant 18 U.S.C. § 3553(a) factors to reduce his sentence to the statutory minimum sentence under the Act. He also asserted that if he did not qualify as a career offender, his classification would produce a guideline range of 151 to 188 months' imprisonment. He requested the district court resentence him to the midpoint of those ranges and reduce his term of supervised release to 8 years.

The government opposed the motion but acknowledged that Section 404 lowered the statutory penalty range from 20 years to life to 10 years to life. The government stated that the district court had the authority to reduce his sentence but noted that the guideline range remained the same because of Marchman's status as a career offender. Thus, the government asserted that his 262-month imprisonment term remained at the low end of his guideline range as calculated

5

under the First Step Act; thus, the Act only lowered the minimum mandatory penalty and did not alter any other factor that the district court considered when it reduced his sentence to 262 months. The government requested the district court deny Marchman's motion to reduce his term of imprisonment but did not oppose the motion to the extent Marchman requested a reduction in his term of supervised release from 10 years to 8 years.

In August 2019, the district court denied Marchman's request for a hearing and his request for a reduction in his sentence but granted his request for a reduction in his supervised release term. The district court noted the probation officer's memorandum and stated that "[f]or the reasons explained in the United States' response, [Marchman's] motion for a reduction of sentence" was granted in part and denied in part. (R. Doc. 64 at 1.) Thus, the district court reduced Marchman's supervised release term from 10 years to 8 years but did not reduce his 262-month term of imprisonment. Marchman then perfected this appeal.

## II.

We review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Id.* A district court abuses its discretion when it "applies an incorrect legal standard." *Diveroli v.*

*United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted). District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment. *Jones*, 962 F.3d at 1297.

### III.

The Fair Sentencing Act, enacted in 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum sentence from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum sentence from 5 grams to 28 grams. *Id.* § 2(a)(1)-(2). These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). This Act did not expressly make any changes to 21 U.S.C. § 841(b)(1)(C), which provides for a term of imprisonment of not more than 20 years for cases involving quantities of crack cocaine that do not fall within § 841(b)(1)(A) or (B).

In 2018, Congress enacted the First Step Act, which made retroactive for covered offenses the statutory penalties enacted under the Fair Sentencing Act.

Importantly, Section 404(b) of this Act provides that a district court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act, Pub. L. No. 115-391, § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010. *Id.* § 404(a). This Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

## IV.

On appeal, Marchman contends that the district court erred by determining that the Sentencing Guideline range dictated the scope of relief to which he was eligible under Section 404 of the First Step Act. He argues that because the district court had discretion to reduce his sentence, it should have done so regardless of his guideline range because, to the extent that the district court relied on his unchanged sentencing guideline range, it erred as a matter of law. Marchman claims that because he is eligible for relief under § 404, nothing in the First Step Act limited the district court's authority to reduce his sentence, irrespective of his advisory guideline range, and the district court's conclusion to the contrary was erroneous. Marchman additionally argues that the district court abused its discretion by failing

to consider the relevant 18 U.S.C. § 3553(a) factors during his re-sentencing.  He requests that we vacate and remand his case for further proceedings.

The government responds that Marchman, although eligible for relief under the First Step Act, was not entitled to such relief.  The government notes that the district court correctly found that Marchman was not entitled to a reduction because his sentence was already at the low end of his career-offender-enhanced guidelines range.  The government contends that the district court was not laboring under a misapprehension about its statutory authority to grant Marchman relief.  It further argues that the district court relied on more than the advisory guideline range in determining that Marchman was not entitled to a sentence reduction, and it asserts that Marchman has not shown in what way the district court failed to consider the relevant § 3553(a) factors.  Thus, the government asks this court to affirm the district court's denial of Marchman's motion for a sentence reduction.

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. *See Jones*, 962 F.3d at 1293.  We first held that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii).  *Id.* at 1301.  We next explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce the movant's sentence.  *Id.* at

9

1303. We noted that the "as if" qualifier in § 404(b) imposes two limitations on the district court's authority: first, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act; and second, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. *Id.* Moreover, we stated that the Constitution does not prohibit the district courts from relying on judge-found facts that triggered statutory penalties prior to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). *Jones*, 962 F.3d at 1303–04.

Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect, then the Fair Sentencing Act would not have benefitted him, and the First Step Act does not authorize the district court to reduce his sentence. *Id*. at 1303. We concluded that, although a district court may have the authority to reduce a sentence under § 404 of the First Step Act, it is not required to do so. *Id.* at 1304. We held that a district court has wide latitude to determine whether and how to exercise its discretion, and that it may consider the § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct. *Id.* at 1304.

After reviewing the record here, we conclude that the district court did not misunderstand its authority to reduce Marchman's sentence. Because the district

10

court incorporated by reference the government's arguments in its opposition to Marchman's request for a sentence reduction, we look to the arguments set forth in the government's submission to the district court to determine whether the district court understood that it had authority to reduce Marchman's sentence. The government asserted that retroactive application of the Fair Sentencing Act did not reduce Marchman's applicable advisory-guidelines range, and that Marchman was currently serving the minimum sentence that would promote the purposes of 18 U.S.C. § 3553(a). Moreover, the government noted that Marchman did not argue that the district court abused its discretion when it imposed the initial sentence of 292 months or when the district court granted the parties' joint motion to reduce Marchman's sentence to 262 months. The government further asserted that to grant Marchman a significant reduction would result in an inappropriate windfall.

The district court expressly stated that its decision to deny the motion for a sentence reduction was based on the reasons given by the government.[1] The district court's explanation for its ruling confirms that it agreed with the government that Marchman did not merit relief under the First Step Act, not that it was under a misapprehension about its statutory authority to grant him such relief.

---

[1] Marchman does not contend that the government's brief raised any argument that he was ineligible for relief under the First Step Act.

11

This is evidenced also by the district court's grant of the motion to the extent that it reduced Marchman's term of supervised release from ten years to eight years.

Furthermore, Marchman does not demonstrate how the district court abused its discretion in partially denying the motion for a reduced sentence.  A district court has "wide latitude" in determining whether to exercise its discretion to grant a sentence reduction pursuant to the First Step Act and may consider "all the relevant factors," including the § 3553(a) sentencing factors.  *See Jones*, 962 F.3d at 1304.  In adopting the government's oppositional response as its reasoning, the district court adopted the statement that it "undeniably believed a 262-month sentence was appropriate when it reduced Marchman's sentence in 2008[,]" and as a result, Marchman was "currently serving 'the minimum sentence that [would] promote the purposes of 18 U.S.C. § 3553(a).'"  (R. Doc. 63 at 6.)  Thus, we conclude that although the district court did not explicitly list the § 3553(a) factors, in adopting the government's argument it arguably considered the factors to determine that a 262-month sentence was appropriate in this case. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (affirming appellant's sentence because even though the district court did not discuss each of the sentencing factors, the record showed that it considered several of them).

Based on our review of the record, we conclude that the district court understood its authority to grant the motion for a sentence reduction, and that the

district court did not abuse its discretion in denying, in part, Marchman's motion for a reduced sentence. Accordingly, we affirm the district court's order denying Marchman's request for a reduced sentence.

**AFFIRMED**.