[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14684
Non-Argument Calendar
_____

D.C. Docket No. 1:96-cr-00119-RWS-JED-2

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TONY JAMES, JR.,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 22, 2020)

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Tony James, Jr., appeals the district court's denial of his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"). Specifically, James argues that the district court erred in concluding that he was ineligible for relief under § 404 because he had not been sentenced for a "covered offense." After careful review, we vacate and remand for the district court to consider whether to exercise its discretion under the First Step Act.

## I.    FACTUAL BACKGROUND

In December 1996, a jury convicted James of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count 1"); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) ("Count 4"); and unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count 5"). The indictment does not allege, and the jury did not find, a specific amount of crack cocaine involved in these offenses.

Instead, the quantity of crack cocaine attributable to James was determined by the district court at sentencing. Specifically, after hearing testimony from a government agent, the district court adopted the findings of the presentence investigation report ("PSI") that James was responsible for 7,699.1 grams of crack

2

cocaine. Based on this amount of crack cocaine, the statutory guideline range would be ten years to life on Counts 1 and 4. *See* 21 U.S.C. § 841(b)(1)(A)(iii). But because James had a criminal history category of VI and a total offense level of 46, James's actual guideline range was life imprisonment.

The district court sentenced James to life imprisonment for Counts 1 and 4 and ten years' imprisonment to run concurrent with the life sentence for Count 5. This Court affirmed James's sentence and conviction on appeal. *United States v. James*, 183 Fed. App'x 923 (11th Cir. 2006). In 2015, James and the government filed a joint motion to reduce James's sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines. The district court granted the motion and, based on a revised total offense level of 42 and an amended guideline range of 360 months' to life imprisonment, reduced James's life sentence to 360 months.

After Congress passed the First Step Act, James moved for another sentence reduction, arguing that the district court should reduce his prison sentence to 240 months.[1] James reasoned that the district court must look only to his indictment to determine whether he was convicted of a "covered offense" for purposes of the First Step Act, and because his indictment does not specify the amount of crack cocaine involved in his offenses, his maximum statutory sentence is 240 months. *See* 21

---

[1] James initially submitted his First Step Act motion as a *pro se* filing. The district court denied that motion without prejudice after appointing counsel for James and receiving James's amended motion.

U.S.C. § 841(b)(1)(C).  Along with his motion, James attached documents showing his good behavior and his educational achievements while in prison.

In response, the government asserted that James is not eligible for a sentence reduction under the First Step Act because eligibility for such a sentence reduction is based on the actual quantity involved in the offense and not simply what the indictment says.  Thus, according to the government, James could not seek a reduction because, for sentencing purposes, the district court found that James was responsible for over 7.5 kilograms of crack cocaine, and, as a result, James's statutory imprisonment range remained the same.

The district court denied James's motion, finding that James is not entitled to relief under the First Step Act because "Defendant's offense is not a covered offense."  The district court relied on the previous finding by the sentencing judge that James was responsible for over 7.5 kilograms of crack cocaine and concluded that James cannot show that his guideline range would have been lower had the penalty statute appliable to James been different at the time of his sentencing.  This appeal ensued.

## II.    STANDARD OF REVIEW

We review *de novo* whether a district court had the authority to modify a term of imprisonment.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review the district court's denial of an eligible movant's request for a reduced

4

sentence under the First Step Act for an abuse of discretion. *Id*. A district court

abuses its discretion when it "applies an incorrect legal standard." *Diveroli v. United*

*States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quoting *Winthrop-Redin v. United*

*States*, 767 F.3d 1210, 1215 (11th Cir. 2014)).

## III.    ANALYSIS

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372

("Fair Sentencing Act"), enacted on August 3, 2010, amended 21 U.S.C.

§§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and

powder cocaine. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012)

(detailing the history that led to enactment of the Fair Sentencing Act, including the

Sentencing Commission's criticisms that the disparity between crack cocaine and

powder cocaine offenses was disproportional and reflected race-based differences).

Section 2 of the Fair Sentencing Act raised the quantity of crack cocaine necessary

to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the

quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28

grams. Fair Sentencing Act § 2(a)(1)–(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii),

(B)(iii). These amendments were not made retroactive to defendants who were

sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*,

701 F.3d 374, 377 (11th Cir. 2012). The Fair Sentencing Act did not expressly make

any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not

more than 20 years for cases involving quantities of crack cocaine that do not fall within § 841(b)(1)(A) or (B). *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act, and expressly granted district courts the authority to reduce a previously imposed term of imprisonment. *See* First Step Act § 404; *see also Jones*, 962 F.3d at 1297. Under First Step Act § 404(b), "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." The statute defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id*. § 404(c).

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. *See Jones*, 962 F.3d at 1293. First, we held that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1301. Interpreting the First Step

6

Act's definition of a "covered offense," we concluded that the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" (the "penalties clause") modifies the term "violation of a Federal criminal statute." *Id.* at 1298 (emphasis removed); *see* First Step Act § 404(a). Thus, "a movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, 962 F.3d at 1298. Because section two of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a covered offense includes one where the movant was sentenced for an offense that triggered one of those statutory penalties. *Id.*

District courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment, to determine whether the movant's offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, is a covered offense. *Id.* at 1300–01. We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation. *Id.* at 1301. Rather, the district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack

7

cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii). *Id.*

Accordingly, the actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to whether he was convicted of a covered offense. *Id.* at 1301–02. However, contrary to the movants' arguments, the district court's actual drug-quantity finding remains relevant to the extent that it triggered a higher statutory penalty. *Id.* at 1302. Thus, a movant sentenced prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held that facts, such as a drug quantity, that increase a defendant's statutory maximum must be made by a jury, cannot "redefine his offense" to one triggering a lower statutory penalty simply because the district court, not a jury, made the drug-quantity finding relevant to his statutory penalty. *See Jones*, 962 F.3d at 1302. Applying this inquiry to the four movants in *Jones*, we concluded that all four were sentenced for covered offenses because they were all sentenced for offenses whose penalties were modified by the Fair Sentencing Act. *Id.* at 1302–03.

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303. Specifically, the "as if" qualifier in Section 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was

8

committed," imposes two limitations on the district court's authority. *Id.* (alteration in original) (quoting First Step Act § 404(b)). First, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Id.* Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. *Id.* Moreover, the Constitution does not prohibit the district court from relying on judge-found facts that triggered statutory penalties prior to *Apprendi*. *See id.* at 1303–04.

Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—in other words, if his sentence was equal to the mandatory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the Fair Sentencing Act would not have benefitted him, and the First Step Act does not authorize the district court to reduce his sentence. *Id.* at 1303.

And based on this framework, we affirmed the denials of two of the movants' motions, but vacated and remanded as to the other two because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. *Id.* at 1304–05. We held that it was error for the district courts to conclude that a movant was ineligible based on

9

(1) a higher drug-quantity finding that was made for sentencing—not statutory—purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. *Id.* Because it was ambiguous whether the district courts denied their motions for one of those reasons, we vacated and remanded the denials for further consideration. *Id.* at 1305.

Here, like in *Jones*, the parties dispute whether James was sentenced for a "covered offense," as required by the First Step Act. James argues for a "covered offense" determination based solely on the indictment. The government contends that we should look to "the actual quantity of crack cocaine involved" in James's offense to determine whether his offense is a "covered offense." But as explained in *Jones*, neither party is entirely correct. Instead, in conducting the "covered offense" inquiry, we must look to the entire record—including judicial determinations of drug quantity for sentencing purposes—to determine whether James was sentenced under one of the provisions amended by the Fair Sentencing Act. *See Jones*, 962 F.3d at 1301–02.

Here, the district court sentenced James for a crack cocaine-related violation of 21 U.S.C. § 841(a) and found James responsible for over 7.5 kilograms of crack cocaine. Applying this quantity to the penalties in § 841(b), James was sentenced under § 841(b)(1)(A)(iii) because his offense involved more than fifty grams of crack cocaine and his prescribed statutory imprisonment range was ten years to life.

21 U.S.C. § 841(b)(1)(A)(iii) ("[S]uch person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life."). This statutory penalty provision was modified by § 2 of the Fair Sentencing Act. *See* Fair Sentencing Act § 2(a)(1) (increasing the threshold for penalties under subparagraph (b)(1)(A)(iii) from 50 grams to 280 grams). James therefore met the "covered offense" requirement under § 404 of First Step Act. Accordingly, the district court erred in denying James's motion for a sentence reduction on the basis that he had not been sentenced for a covered offense.

## IV.    CONCLUSION

Because the district court had the discretion to reduce James's sentence as his amended sentence of 360 months' imprisonment is above the amended statutory minimum, we vacate and remand so that the district court may consider whether to exercise its discretionary authority under the First Step Act to reduce James's sentence.

**VACATED AND REMANDED.**