[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14542
Non-Argument Calendar

_____

D.C. Docket No. 5:06-cr-00029-JA-PRL-6

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALVIN DORSEY, JR.,
a.k.a. Pee Wee,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 11, 2021)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Alvin Dorsey, Jr. appeals the district court's denial of his motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (First Step Act).  The district court found that Dorsey was ineligible for relief, and that even if Dorsey were eligible, the court would not, in its discretion, grant a sentence reduction.  After careful review, we conclude that the district court erred in finding that Dorsey was ineligible for relief under § 404 of the First Step Act.  Nevertheless, we affirm because the record shows that the district court would not exercise its discretion to grant relief, and thus remand would be futile.

I.

On January 26, 2007, a jury found Dorsey guilty of conspiring to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846.  At the time of Dorsey's sentencing, a person who violated § 846 was "subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."  21 U.S.C. § 846.  For Dorsey, that meant he faced the penalties prescribed by 21 U.S.C. § 841(b).  And because Dorsey had a prior conviction for a felony drug offense, his conviction carried a minimum term of 20 year's imprisonment.

Dorsey was held accountable at sentencing for 1.5 kilograms or more of cocaine base, and the presentence investigation report (PSR) calculated Dorsey's

2

base offense level at 38.  He also qualified as a career offender under U.S.S.G. §

4B1.1.  Because of his career-offender status and his past criminal history,

Dorsey's past criminal history category was VI.  With an offense level of 38 and a

criminal history category of VI, Dorsey's guideline range for imprisonment was

360 months to life.  The district court sentenced him to 300 months' imprisonment,

and we affirmed the sentence on appeal.

Several years later, in August 2010, Congress enacted the Fair Sentencing

Act which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing

disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L.

No. 111–220, 124 Stat. 2372 (Fair Sentencing Act); *see Dorsey v. United States*,

567 U.S. 260, 268–69 (2012) (detailing the history that led to the enactment of the

Fair Sentencing Act).  Section 2 of the Fair Sentencing Act increased the threshold

quantity of crack cocaine necessary to trigger the statutory penalties set forth in

§ 841(b)(1)(A)(iii), (B)(iii).  Fair Sentencing Act § 2(a)(1)–(2).  The Fair

Sentencing Act did not alter the penalties for powder-cocaine convictions.  *United*

*States v. Taylor*, 982 F.3d 1295, 1298 (11th Cir. 2020).

Initially, the Fair Sentencing Act did not apply to Dorsey's 2007 sentence

because it did not apply to sentences imposed before August 3, 2010.  *See United*

*States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).  In 2018, however, the First

Step Act made retroactive the statutory penalties for covered offenses enacted

3

under the Fair Sentencing Act.  *See* First Step Act § 404.  Under Section 404(b) of

the First Step Act, a court "that imposed a sentence for a covered offense may . . .

impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . .

were in effect at the time the covered offense was committed."  *Id*. § 404(b).  The

statute defines "covered offense" as "a violation of a Federal criminal statute, the

statutory penalties for which were modified by section 2 or 3 of the Fair

Sentencing Act . . . , that was committed before August 3, 2010."  *Id.* § 404(a).

The First Step Act further states that "[n]othing in this section shall be construed to

require a court to reduce any sentence pursuant to this section."  *Id*. § 404(c).

"District courts have wide latitude to determine whether and how to exercise their

discretion in this context."  *United States v. Jones*, 962 F.3d 1290, 1304 (11th Cir.

2020).  When exercising their discretion, district courts may consider all relevant

factors, including the statutory sentencing factors contained within 18 U.S.C. §

3553(a).  *Id*.

Following the First Step Act's enactment, Dorsey filed a pro se motion for a

sentence reduction.  The district court then appointed the Federal Public Defender

to represent Dorsey, and his counsel filed an updated motion to reduce his sentence

under the First Step Act.  The district court denied the motion.  It found, first, that

Dorsey had not been convicted of a "covered offense" because he had faced 20

years to life imprisonment based on *either* his involvement in the sale of 50 grams

4

or more of cocaine base *or* his involvement in the sale of 5 kilograms or more of powder cocaine.  The district court noted that the Fair Sentencing Act did nothing to modify the penalty for offenses involving 5 kilograms of more of powder cocaine.  As a result, the court reasoned that the Fair Sentencing Act did not modify the statutory penalty for Dorsey's violation.

Second, the court stated that even if Dorsey were eligible for relief, it would not, in its discretion, reduce Dorsey's sentence.  The district court noted again that Dorsey faced a mandatory minimum of 20 years in prison based on the amount of powder cocaine involved in the offense.  It also noted that it considered Dorsey's status as a career offender and his prior criminal history when deciding that it would not grant the sentence reduction.  Dorsey filed a timely notice of appeal.

## II.

We review de novo whether a district court had the authority to modify a term of imprisonment.  *Id.* at 1296.  In addition, we review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion.  *Id.*  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous."  *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015).

III.

Dorsey makes two arguments on appeal. First, he argues that the district court erred in determining that he was ineligible for relief under § 404 of the First Step Act. Second, he argues that the district court erred in proceeding to analyze whether it would exercise its discretion to reduce Dorsey's sentence after determining that Dorsey was ineligible for relief.

A.

We consider first the question of Dorsey's eligibility. District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment. *Jones*, 962 F.3d at 1297. In *Jones*, we held that because section two of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a movant has a covered offense if he was sentenced for an offense that triggered one of those statutory penalties. *Id.* at 1298.

An issue unaddressed by *Jones*, though, was whether a multidrug conspiracy offense that includes a crack-cocaine element and another drug-quantity element can be a covered offense. We recently answered that question in *United States v.*

*Taylor*.  There, we reasoned that even if "the powder-cocaine element of [a defendant's] offense would still trigger the same statutory sentencing range . . . after the Fair Sentencing Act," "the statutory penalties for [the defendant's] offense include *all* the penalties triggered by every drug-quantity element of the offense." *Taylor*, 982 F.3d at 1300 (internal quotation mark omitted).  Therefore, a multidrug offense that includes both a crack-cocaine element and a powder-cocaine element can fit within the First Step Act's definition of a "covered offense."  *Id.* at 1301.

After *Taylor*, it is now clear that the fact that Dorsey's conviction involved powder cocaine in addition to crack cocaine does not prevent his offense from being a "covered offense" under the First Step Act.  *See id.*  Dorsey's conspiracy offense, which involved 50 grams or more of crack cocaine, was "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act."  *See* First Step Act § 404(a).  As a result, he had a covered offense, regardless of the fact that his conviction also involved powder cocaine.

Still, the fact that Dorsey was sentenced for a covered offense does not make him necessarily eligible for First Step Act relief.  Section 404(b) of the First Step Act also requires that any sentence reduction be made "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *Id.* § 404(b).  This clause means that "(1) a movant who was

sentenced to the lowest statutory penalty available to him under the Fair Sentencing Act cannot receive any further reduction in his sentence under the First Step Act, and (2) any drug-quantity finding that could have been used to determine the movant's statutory penalties at the time of his original sentencing is binding on the district court." *Taylor*, 982 F.3d at 1301–02. On the facts presented here, the "as if" clause would not have precluded the district court from granting Dorsey's motion for either reason. The court could have granted a reduction if it had determined that a reduction was warranted. As a result, we conclude that the district court erred in finding that Dorsey was ineligible for First Step Act relief.

## B.

Yet despite the district court's error in finding Dorsey ineligible for relief, our inquiry continues because the court added that it would not grant relief even if Dorsey were eligible. Dorsey argues that we should not affirm on this alternative basis. The court's erroneous eligibility determination, Dorsey argues, precluded a complete review of Dorsey's motion on the merits. Our case law shows, however, that we are not required to remand if, based on the record, doing so would be futile. *United States v. Hersh*, 297 F.3d 1233, 1250–54 (11th Cir. 2002). So although Dorsey is eligible for a sentence reduction, we need not remand if the record makes clear that the district court would decline to grant relief.

8

We can conclude that remand would be futile where the district court explains its decision adequately enough to allow for meaningful appellate review. Recently, we considered a similar question in *United States v. Russell*, No. 19-12717, 2021 WL 1418288 (11th Cir. Apr. 15, 2021). In that case, the district court held that the movant was ineligible for relief, and that even if the movant were eligible for relief, "the court would not exercise its discretion to grant a sentence reduction." *Id.* at *2. On appeal, we found that the movant was eligible for relief. *Id.* at *5. We then considered whether we could affirm the district court on the alternative basis that the court would not exercise its discretion to deny a sentence reduction. *Id.* at *6–7. We explained that "[a]lthough detailed findings or explanations are not required, a district court must 'set forth enough to satisfy [an] appellate court' that the district court 'considered the parties' arguments and ha[d] a reasoned basis' for denying the reduction." *Id.* at *7 (alterations accepted). The district court in *Russell* did not do so. *Id.* It said only that it would deny the sentence reduction "after considering the statutory factors set forth in 18 U.S.C. § 3553(a)." *Id.* And at the time the district court issued the order, it "had before it nothing from the parties addressing whether the court should exercise its discretion." *Id.* Therefore, we vacated and remanded because the district court did not set forth a sufficient basis "to permit meaningful appellate review." *Id.*

9

The facts are different here.  The record in this case includes an adequate explanation from the district court as to why it decided not to exercise its discretion to grant a sentence reduction.  Specifically, the court stated:

> even if Dorsey could somehow be "regarded as" eligible for First Step Act relief, the Court would not, in its discretion, reduce his sentence. Again, Dorsey faced a mandatory minimum of twenty years in prison based on the amount of powder cocaine involved in his offense even aside from the fact that crack cocaine was also involved. And Dorsey qualified as a career offender based on his prior criminal history; on that basis, his guideline range would have been the same in any event. In sum, even if Dorsey could be considered eligible for a sentence reduction under the First Step Act, the Court, in its discretion, does not find reduction of his sentence warranted.

This explanation satisfies us that the district court had a "reasoned basis" for denying the reduction.  *See Russell*, No. 19-12717, at *7.  So although the district court erred in finding that Dorsey was ineligible for relief, remand would be futile.  *See id.*  As a result, we affirm.

**AFFIRMED.**