[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13386
Non-Argument Calendar

_____

D.C. Docket No. 1:03-cr-21012-CMA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. SIMMONS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 26, 2021)

Before JILL PRYOR, BRASHER, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Michael Simmons appeals the district court's denial of his motion for a reduced sentence under Section 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act").  On appeal, Simmons contends that his conviction under 21 U.S.C. § 841(b)(1)(C) is a "covered offense" for purposes of the First Step Act, meaning that the district court had authority to reduce his sentence.  While this case was pending on appeal, however, the Supreme Court issued an opinion that forecloses his appellate arguments.  We therefore affirm the district court's denial of First Step Act relief.

"We review *de novo* questions of statutory interpretation and whether a district court had the authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020) (citations omitted).  "We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act." *Id.*

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  The First Step Act, which makes certain portions of the Fair Sentencing Act retroactive, expressly permits district courts to reduce a previously imposed term of imprisonment. *Jones*, 962 F.3d at 1297.

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and

2

powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372

("Fair Sentencing Act"); *Dorsey v. United States*, 567 U.S. 260, 268–69 (2012).

Specifically, as to § 841(b)(1), § 2(a)(1) of the Fair Sentencing Act raised the

quantity of crack cocaine necessary to trigger a 10-year mandatory minimum

sentence from 50 to 280 grams, and § 2(a)(2) raised the quantity threshold to

trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing

Act § 2(a)(1)–(2); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  The Fair Sentencing Act

similarly increased the quantity threshold to trigger 10-year and 5-year mandatory

minimum sentences under 21 U.S.C. § 960(b).  Fair Sentencing Act § 2(b); 21

U.S.C. § 960(b)(1)(C), (2)(C).  These amendments were not made retroactive to

defendants who were sentenced before the enactment of the Fair Sentencing Act.

*United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made the Fair

Sentencing Act's statutory penalties retroactive for "covered offenses."  *See* First

Step Act § 404.  Under § 404(b) of the First Step Act, "[a] court that imposed a

sentence for a covered offense may . . . impose a reduced sentence as if sections 2

and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense

was committed."  *Id*. § 404(b).  The statute defines "covered offense" as "a

violation of a Federal criminal statute, the statutory penalties for which were

modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed

3

before August 3, 2010." *Id.* § 404(a).  The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id*. § 404(c).

The Supreme Court recently rejected the argument that Simmons makes here, specifically, that a conviction under 21 U.S.C. § 841(b)(1)(C) is a "covered offense" entitling a defendant to seek a sentencing reduction under the First Step Act. *Terry v. United States*, No. 20-5904, manuscript op. at 7–8 (U.S. June 14, 2021).  In *Terry,* the Court noted that a violation of federal criminal law was not a "covered offense" under the First Step Act unless certain provisions of the Fair Sentencing Act had modified the statutory penalties for such a violation.  *Id.* at 5. Because § 2(a) of the Fair Sentencing Act had modified the statutory penalties only for § 841(b)(1)(A) and (B), while the penalties for subsection (C) remained the same, the Court concluded that a violation of subsection (C) did not qualify as a "covered offense." *Id.* at 5–7.  Accordingly, the Court held that a defendant convicted under § 841(b)(1)(C) was ineligible for a First Step Act sentence reduction.  *Id*. at 5, 8.

Here, the district court did not err in concluding that Simmons was ineligible for a sentence reduction under the First Step Act.  As *Terry* explained, Simmons's conviction under 21 U.S.C. § 841(b)(1)(C) did not qualify as a "covered offense." Thus, Simmons was ineligible for a sentence reduction.  Given that the district

4

court lacked authority to reduce Simmons's sentence, we need not reach his argument that the district court abused its discretion in declining to award a downward variance.

Because the district court did not err in concluding that Simmons was ineligible for First Step Act relief, we affirm the court's order denying his motion for a sentence reduction.

**AFFIRMED**.