[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14111
Non-Argument Calendar

_____

D.C. Docket No. 4:01-cr-00042-AW-MAF-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE MIKEL SMITH,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 13, 2021)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jose Smith appeals the district court's denial of his motion for a sentence reduction, under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). He argues on appeal that the district court erred in denying his motion because his conviction under 21 U.S.C. § 841(b)(1)(C) was for a "covered offense" for purposes of the First Step Act. But the Supreme Court recently foreclosed that argument in *Terry v. United States*, 141 S. Ct. 1858, 1862–1864 (2021), and so we affirm.[1]

Congress promulgated the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), to decrease the sentencing disparity between powder cocaine offenses and crack cocaine offenses. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences). The Act decreased that disparity by increasing the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. *See* Fair Sentencing Act § 2(a)(1)–(2). *Compare* 21 U.S.C. §§ 841(b)(1)(A)(iii), (B)(iii) (2006) *with* §§ 841(b)(1)(A)(iii), (B)(iii) (2012) . Those

---

[1] As we write for the parties, we discuss the facts and procedural history only as necessary to explain our decision.

amendments were not made retroactive to defendants who had been sentenced before the enactment of the Fair Sentencing Act. *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act with the goal of reforming the nation's prison and sentencing systems. Under § 404(b) of the First Step Act, a court that imposed a sentence for a "covered offense" may reduce that sentence as if §§ 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed. *See* First Step Act, § 404(b). The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." § 404(a).

In 2001, Mr. Smith was charged, pled guilty to, and was sentenced for—among other things—distribution of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(C). In 2019, Mr. Smith filed a motion for a sentence reduction under the First Step Act, in which he argued that his § 841(b)(1)(C) conviction was for a "covered offense." The district court disagreed, concluding instead that the First Step Act did not encompass convictions under § 841(b)(1)(C). It therefore held that Mr. Smith was ineligible for a sentence reduction and denied his motion. Mr. Smith appeals that denial and maintains that his § 841(b)(1)(C) conviction was for a "covered offense."

Conducting plenary review, *see United States v. Jones*, 962 F.3d 1290, 1296 (2020), we affirm the district court's denial.  In *Terry*, the Supreme Court expressly held that a conviction for a violation of § 841(b)(1)(C) is not for a "covered offense" under the First Step Act. *See Terry*, 141 S. Ct. at 1862–1864. *Terry* has therefore foreclosed Mr. Smith's argument.

We affirm the district court's order.

**AFFIRMED.**